UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS LEGGIO and ULTRA ADVANCED COLLISION LTD.<br><br>              Plaintiffs,<br>       v.<br><br>JPMORGAN CHASE BANK, CHASE INK, and CARDMEMBER SERVICE<br><br>              Defendant. | No. _____ |

## NOTICE OF REMOVAL BY DEFENDANT

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1331, 1441, and 1446, defendants JPMorgan Chase Bank, N.A., Chase Ink and Cardmember Service[1] (collectively "Chase") hereby remove the above-captioned action, *Dennis Leggio v. JPMorgan Chase Bank, et al.,* Suffolk County Index No. 624597/2024 (the "State Court Action"), from the Supreme Court of the State of New York, Suffolk County (the "State Court") to the United States District Court for the Eastern District of New York.

Plaintiffs Dennis Leggio and Ultra Advanced Collision, Ltd. ("Plaintiffs") commenced the State Court Action by filing a Notice of Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 (the "Summary Judgment Motion") on October 3, 2024. Chase was served with the Summary Judgment Motion on October 7, 2024, rendering removal of the State Court Action timely.

---

[1] Defendants Chase Ink and Cardmember Service are not properly named entities and Chase files this Notice of Removal to federal court without waiving any defenses connected to these improperly named entities.

1

Chase denies any liability to Plaintiffs, including in connection with the contemplated claims for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 *et seq*. ("EFTA"), Executive Law § 63(12) and New York General Business Law ("GBL") § 349, and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[2]

## Procedural Background

1. On October 3, 2024, Plaintiffs filed the Summary Judgment Motion in the State Court Action.

2. Chase was served with the Summary Judgment Motion on October 7, 2024. A true and correct copy of the Summary Judgment Motion it was served with is annexed hereto as **Exhibit A**.

3. No other process, pleadings, or orders have been served upon Chase in the State Court Action.

4. Chase has not yet appeared in the State Court Action.

## The Summary Judgment Motion

5. Plaintiffs allege that Chase is responsible for a withdrawal made by Mr. Leggio from his Chase account in the amount of $33,000, which Plaintiffs claim that Mr. Leggio was "fraudulently induce[d]" to make "out of fear[] [that] his other Chase accounts would be compromised…" *See* Ex. A ¶¶ 9, 19.

---

[2] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

6. The Summary Judgment Motion asserts claims for purported violations of the EFTA, Executive Law § 63(12) and New York GBL § 349 and seeks reimbursement from Chase for the withdrawal in the amount of $33,000, plus interest, costs, and fees. *See id*. ¶ 28. Chase denies any purported liability to Plaintiffs.

### Service in the State Court

7. As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the Supreme Court of the State of New York, Suffolk County of this Notice of Removal and serve a copy on all parties. A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit B**.

### Venue

8. The State Court Action was filed in the Supreme Court of the State of New York, Suffolk County. Venue properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a).

### Timeliness

9. Chase was served with process of the Summary Judgment Motion on October 7, 2024.

10. 28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." This Notice of Removal is timely filed because thirty days have not lapsed from Chase's receipt of the Summary Judgment Motion. *See* 28 U.S.C. § 1446(b)(1).[3]

---

[3] The initial pleading for removal purposes under 28 U.S.C. § 1446 takes the form of the Summary Judgment Motion. *See Hack v. Stang,* No. 13-CV-5713 AJN, 2014 WL 4652596, at *1 (S.D.N.Y. Sept. 18, 2014) (accepting the "initial pleading" for removal as a motion for summary judgment in lieu of complaint).

**Federal Question Jurisdiction is Present**

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Plaintiffs assert a claim against Chase for a violation of the EFTA, which is codified in 15 U.S.C. § 1693, *et seq*. *See* Ex. A. Therefore, the Summary Judgment Motion necessarily presents a question of federal law such that removal of this action is appropriate pursuant to 28 U.S.C. § 1331. *See Zaidi v. JP Morgan Chase Bank, N.A.*, No. 2:19-CV-1080, 2019 WL 8989548, at *3 (E.D.N.Y. Aug. 2, 2019) (denying motion to remand, holding, "[t]he Court further notes that it appears that federal question jurisdiction exists given the repeated allegation in the Amended Complaint referencing the Electronic Funds Transfer Act and specifically the assertion that Defendant 'is liable for the unauthorized transactions under the Electronic Funds Transfer Act'").

13. In addition, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court has supplemental jurisdiction over the state law claims for alleged violations of Executive Law § 63(12) and GBL § 349 as they arise out of the very same allegations regarding the $33,000 withdrawal from Plaintiffs' Chase account. *See, e.g., Boyd v. Delasse,* No. 9:23-CV-0856, 2024 WL 747771, at *17 (N.D.N.Y. Feb. 23, 2024) (finding supplemental jurisdiction, noting that "a court may choose to exercise supplemental jurisdiction over pendent state law causes of action pursuant to 28 U.S.C. § 1367 where the state law causes of action are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution") (internal quotations omitted).

### No Admission of Liability

14. By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiffs' allegations or purported facts set forth in the Summary Judgment Motion, does not contend that the Summary Judgment Motion adequately pleads any cause of action, and does not concede that Plaintiffs are entitled to any of the relief sought in the Summary Judgment Motion or any relief of any kind. Chase reserves all rights in responding to the Summary Judgment Motion.

### Conclusion

15. For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Wherefore, the State Court Action is hereby removed to this Court from the Supreme Court of the State of New York, County.

Dated: November 6, 2024                                    Respectfully Submitted,

                                                           GREENBERG TRAURIG, LLP

                                                           By:       /s/ Leah N. Jacob

                                                           Leah N. Jacob
                                                           One Vanderbilt Avenue
                                                           New York, New York 10017
                                                           Tel: (212) 801-9200
                                                           Leah.Jacob@gtlaw.com

                                                           *Counsel for Defendants*
                                                           *JPMorgan Chase Bank, N.A.*
                                                           *Chase Ink and Cardmember Service*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2024, a copy of the foregoing was filed electronically through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record.

I HEREBY CERTIFY that on November 6, 2024, a copy of the foregoing was mailed to the following parties by overnight UPS mail:

JOSEPH A. MILLER, ESQ.
982 Montauk Highway, Suite 4
Bayport, New York 11705
*Attorneys for Plaintiffs*

/s/ Leah N. Jacob