```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
DENNIS LEGGIO, and
ULTRA ADVANCED COLLISION LTD.,

                        Plaintiffs,
                                           MEMORANDUM & ORDER
            -against-                      24-CV-7747(JS)(JMW)

JPMORGAN CHASE BANK, CHASE INK, and
CARDMEMBER SERVICE,

                        Defendants.
-----------------------------------X
APPEARANCES
For Plaintiffs:     Joseph A. Miller, III, Esq.
                    Joseph A. Miller III, Attorney at Law
                    982 Montauk Highway, Suite 4
                    Bayport, New York  11705

For Defendants:     Leah N. Jacob, Esq.
                    Greenberg Traurig, LLP
                    One Vanderbilt Avenue
                    New York, New York  10017
```

SEYBERT, District Judge:

Plaintiffs Dennis Leggio and Ultra Advanced Collision Ltd. ("Plaintiffs") seek an order remanding this state court action (hereafter, the "Action"[1]) to the Supreme Court of the State of New York, Suffolk County. (See Remand Motion, ECF No. 5; see also Reply, ECF No. 11.) Defendant JPMorgan Chase Bank ("Defendant" or

---

[1]  In state court, the Action is identified by Index No. 624597/2024.

"Chase")[2] opposes the motion. (Opp'n, ECF No. 10.) For the reasons that follow, Plaintiffs' Remand Motion is DENIED.

BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the facts and procedural history of this case. By way of brief background and for the reader's convenience, the Court provides the following summary. By their Action, Plaintiffs seek "payment of a fraudulent bank check" in the amount of $33,000, plus interest and costs, from Chase. (See Action, Summons with Notice, ECF No. 1-1 at ECF pp. 1-2.) They do so, claiming a violation of the Electronic Fund Transfer Act ("EFTA"), which is codified at 15 U.S.C. § 1693, et seq. (See Action, Support Affirmation, ECF No. 1-1 at ECF pp. 5-12, ¶¶ 17-28.)

On November 6, 2024, Defendant removed the Action from the state court to this Court, pursuant to 28 U.S.C. § 1441, and invoked this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 ("Section 1331") and. (See Notice of Removal, Preamble.) Specifically, Chase underscored Plaintiffs' claim against it based upon the alleged violation of the EFTA. (See Action, Support Affirmation, ¶¶ 17-28.) Defendant contends Plaintiffs' Action "necessarily presents a question of federal law

---

[2] According to Defendant JPMorgan Chase Bank, "Defendants Chase Ink and Cardmember Service are not properly named entities." (Opp'n at 1 n.1.) Hereafter, the Court shall refer to Defendant in the singular.

such that removal of this action is appropriate pursuant to 28 U.S.C. § 1331." (Notice of Remand, ¶ 12 (citing Zaidi v. JP Morgan Chase Bank, N.A., No. 19-CV-1080, 2019 WL 8989548, at *3 (E.D.N.Y. Aug. 2, 2019) (denying motion to remand where, inter alia, amended complaint repeatedly referred to EFTA)).) Chase further observes "[t]his Court has supplemental jurisdiction over the state law claims for alleged violations of Executive Law § 63(12) and GBL § 349 as they arise out of the very same allegations regarding the $33,000 withdrawal from Plaintiffs' Chase account." (Id. at ¶ 13 (citing 28 U.S.C. § 1367(a), and Boyd v. Delasse, No. 23-CV-0856, 2024 WL 747771, at *17 (N.D.N.Y. Feb. 23, 2024) (finding supplemental jurisdiction, and noting "a court may choose to exercise supplemental jurisdiction over pendent state law causes of action pursuant to 28 U.S.C. § 1367 where the state law causes of action are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy") (internal quotations omitted))).)

  In moving for remand, Plaintiffs argue:

> Plaintiff only has a State [law] cause of action as seen by its Motion for Summary Judgment in Lieu of Complaint, N.Y. CPLR §3213[,] for a "sum certain". Although reference to Federal Statutes occur as to scam security in [P]laintiffs' motion, no damages are sought -- only the return of the [P]laintiff's own money. Defendant[,] by "doing business" in the State of New York[,] have consented to the authority of the New York State Court to decide this sole claim as

>     a precept to conducting their business in New
>     York State.

(Remand Motion at ¶ 19.)  Defendant opposes the Remand Motion, reiterating the basis for its removal is this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and not based upon diversity jurisdiction, as implicitly argued by Plaintiff. (See Opp'n at 2.)  The fully briefed Remand Motion is now ripe for decision.

DISCUSSION

I.   <u>Legal Standard</u>

A defendant may remove a state court action to federal court based upon federal question jurisdiction by filing a notice of removal within 30 days after service of the initial pleading. See 28 U.S.C. §§ 1446(a) and (b)(1).  Pursuant to Section 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Of significance, it is dissimilar to federal diversity jurisdiction, which, when invoked, requires both (1) "the matter in controversy exceeds the sum or value of $75,000," and (2) there is diversity of citizenship between the parties, including where the parties are "citizens of different States."  28 U.S.C. § 1332(a).

A plaintiff seeking to remand a case back to state court must file a motion "within 30 days of the filing of the notice of

removal, unless there is a defect in subject matter jurisdiction, in which case the action must be remanded if the defect is identified before final judgment." Kanayama v. KESY LLC, No. 14-CV-3405, 2015 WL 1433203, at *3 (S.D.N.Y. Mar. 30, 2015) (citing 28 U.S.C. § 1447(c)). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Further, the party asserting federal jurisdiction "must establish jurisdiction by a 'preponderance of evidence.'" Minaudo v. Sunrise at Sheepshead Bay, No. 22-CV-2579, 2023 WL 110359, *2 (E.D.N.Y. Jan. 5, 2023) (quoting Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019); further citation omitted). "The removal requirements are construed narrowly, and any doubts are resolved against removal." Kanayama, 2015 WL 1433203, at *3 (citing In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007)).

II. Analysis

Here, Plaintiffs' argument for remand is without merit. A fair reading of Plaintiffs' state court Action makes clear they are seeking damages for a violation of a federal statute. Indeed, in his sworn Support Affirmation, under the subtitle "ELECTRONIC FUND TRANSFER ACT (EFTA)", Plaintiff Leggio enumerated his allegations supporting his claim of a violation of EFTA (see

Action, Support Affirmation, at ¶¶ 17-28), including specifically citing to the statute (see, e.g., ¶¶ 23, 24, 26), in support of his claim for an award of damages. And, as to his contention he is not seeking damages, Plaintiff Leggio also stated in his sworn Support Affirmation: "Plaintiff seeks an award of damages for an amount certain as per CPLR §3213 of $33,000.00 (thirty-three thousand dollars) and the costs and disbursements of this action, including post judgment interest, and for such other and further relief as this Court deems just and proper." (Id. at 8 (closing para.).) Therefore, his contrary arguments in support of his Remand Motion are disingenuous.

Further, Plaintiffs' deficient reliance upon 28 U.S.C. § 1332, the diversity jurisdiction statute, as a basis for granting remand is woefully unavailing. (See Remand Motion at 4-5.) Defendant does not invoke this Court's diversity jurisdiction, which is—admittedly—not available. (See Opp'n at 2 "Chase did not remove this case on diversity grounds"); see also Notice of Removal (asserting federal question jurisdiction).) Instead, Chase relied upon Section 1331, the federal question jurisdiction statute, which does not require the removing party to satisfy the dual requirements of the diversity jurisdiction statute, i.e., establishing the statutory amount in controversy and diversity of citizenship.

In sum, having reviewed the submissions in Plaintiff's Action, especially Plaintiff Leggio's averments in his sworn Support Affirmation, this Court finds Defendant has established federal jurisdiction by a preponderance of evidence. Indeed, this Court is in good company in that respect. See, e.g., Johnson v. Wells Fargo Bank, N.A., No. 23-CV-10883, 2024 WL 3187116, at *2 (S.D.N.Y. June 26, 2024) ("[Plaintiff] asserts claims under the 14th Amendment and the EFTA, a federal statute, thus providing the Court with subject matter jurisdiction."); Zaidi, 2019 WL 8989548, at *3 ("The Court further notes that it appears that federal question jurisdiction exists given the repeated allegation in the Amended Complaint referencing the [EFTA] and specifically the assertion that Defendant 'is liable for the unauthorized transactions under the [EFTA]'."); see also generally Lussoro v. Ocean Fin. Fed. Credit Union, 456 F. Supp. 3d 474, 478 n.2 (E.D.N.Y. 2020) ("The Court also notes that it has federal question jurisdiction given that Plaintiff alleges a claim pursuant to EFTA, which is a federal statute." (citing 28 U.S.C. § 1331)).

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Remand Motion (ECF No. 5) is DENIED; and

**IT IS FURTHER ORDERED** that, in accordance with the Court's January 14, 2025 arbitration designation (see Case Docket, Jan. 14, 2025 Elec. NOTICE), the Parties are to proceed with the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d).

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April 1, 2025
         Central Islip, New York